UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

J & J SPORTS PRODUCTIONS, INC.,

                    Plaintiff,

v.

JORDANE DOWLING, individually and d/b/a
Eludz Restaurant & Lounge, and ELUDZ LOUNGE,
LLC, an unknown business entity d/b/a Eludz
Restaurant & Lounge,

                    Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-5086 (MKB) (RML)

---

MARGO K. BRODIE, United States District Judge:

Plaintiff J & J Sports Productions, Inc. commenced the above-captioned action on September 10, 2018, against Defendants Jordane Dowling individually and doing business as Eludz Restaurant & Lounge, and Eludz Lounge, LLC ("Eludz"), pursuant to the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 ("FCA"), alleging unlawful interception and broadcast of the September 12, 2015 WBA/WBC World Welterweight Championship Fight Program between Floyd Mayweather, Jr. and Andre Berto (the "Event"). (Compl. ¶¶ 6–29, Docket Entry No. 1.) On December 6, 2018, Plaintiff filed a request for a certificate of default after Defendants failed to appear, answer, or otherwise respond to the Complaint and Summons. (Request for Certificate of Default, Docket Entry No. 7.) The Clerk of Court noticed the default on December 10, 2018. (Clerk's Entry of Default, Docket Entry No. 8.) On February 22, 2019, Plaintiff moved for default judgment against Defendants, seeking statutory and enhanced damages totaling $24,000.00, plus interest, costs, and attorney's fees. (Pl. Mot. for Default. J. ("Pl. Mot."), Docket Entry No. 9; Pl. Mem. in Supp. of Pl. Mot. ("Pl.

Mem."), Docket Entry No. 9-1.) On April 15, 2019, the Court referred Plaintiff's motion to Magistrate Judge Robert M. Levy for a report and recommendation. (Order dated Apr. 15, 2019.)

By report and recommendation dated August 8, 2019, Judge Levy recommended that the Court grant the motion as to Defendant Eludz and enter an award in favor of Plaintiff in the amount of $9,396.45, but deny the motion as to Defendant Dowling, with leave to amend (the "R&R"). (R&R 1, 7, Docket Entry No. 12.) On September 22, 2019, Plaintiff filed a timely objection to the R&R. (Pl. Obj. to R&R ("Pl. Obj."), Docket Entry No. 14.)

For the reasons set forth below, the Court adopts the R&R in part, and grants in part and denies in part Plaintiff's motion for default judgment.

I. **Judge Levy's recommendations**

Judge Levy recommended that the Court grant the motion for default judgment as to Eludz — and enter an award of $9,396.45 plus post-judgment interest — because Eludz intercepted and divulged an unauthorized satellite communication of the Event in violation of section 605(a) of the FCA. (R&R 9–13.) Judge Levy found that Eludz broadcasted the Event without authorization and that there was no contract or sublicense between Plaintiff and Defendants.[1] (*Id.* at 8.)

In addition, Judge Levy recommended that the Court deny the motion for default judgment as to Dowling, with leave to amend, because Plaintiff failed to provide adequate proof of proper service. (*Id.* at 7.) Judge Levy found that Plaintiff offered no independent proof that the location where Plaintiff's process server attempted service was Dowling's dwelling at the time of service. (*Id.* at 6.) Judge Levy also found that the affidavit of the process server failed to

---

[1] The pertinent factual background can be found in the R&R.

indicate whether the process server had personal knowledge sufficient to establish that Plaintiff effected service at Dowling's actual dwelling. (*Id.* at 7–8.)

As to damages, Judge Levy recommended that the Court: (1) award $3,132.15 in statutory damages and $6,264.30 in enhanced damages against Eludz; (2) deny prejudgment interest because the FCA does not provide for it and Plaintiff failed to demonstrate that the facts warrant discretionary prejudgment interest; and (3) permit Plaintiff to make its request to recover full costs and reasonable fees in a separate motion, with supporting documentation, because Plaintiff is entitled to recover full costs and reasonable fees under the statute. (*Id.* at 11–12.)

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding "general objection[s] [to be] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's]

3

proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

### ii. Default judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "The entry of a default, while establishing liability, 'is not an admission of damages.'" *Id.* at 128 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) ("To determine whether the default judgment should issue, the [c]ourt examines whether 'the factual allegations, accepted as true, provide a proper basis for liability and relief.'" (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of

4

right, merely because a party has failed to appear or respond," *LG Funding, LLC*, 2015 WL 4390453, at *2 (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

### b. Unopposed portions of the R&R

No party has objected to the following recommendations: (1) that the Court grant default judgment against Eludz; (2) that judgment as to Dowling be denied for insufficient proof of service;[2] (3) that prejudgment interest be denied; and (4) that Plaintiff be permitted to make requests to recover full costs and reasonable fees in a separate motion.

Having reviewed these recommendations for clear error and finding none, the Court adopts these recommendations in their entirety pursuant to 28 U.S.C. § 636(b)(1).[3]

### c. Plaintiff's objections to the R&R

Plaintiff objects to Judge Levy's recommendation that the Court award Plaintiff only $3,132.15 in statutory damages, and only $6,264.30 in enhanced damages. (Pl. Obj. 2.)

#### i. Damages

Having established liability with respect to Eludz, Plaintiff is entitled to damages.[4]

---

[2] In its objections, Plaintiff did not properly object to this recommendation and merely stated that it would "address the issues with respect to Defendant Dowling in a forthcoming filing." (Pl. Obj. 1.)

[3] In reviewing the recommendations as to liability, the Court considered documents that were incorporated by reference into the Complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." (citations omitted)); *see also Gesualdi v. Interstate Masonry Corp.*, No. 12-CV-0383, 2014 WL 1311709, at *3 (E.D.N.Y. Mar. 28, 2014) (considering, on motion for default judgment, contracts submitted with plaintiff's default judgment motion that were incorporated by reference in the complaint).

[4] Although Plaintiff brings claims under both sections 553 and 605 of the FCA, "the court should award damages only under Section 605" when both provisions are violated by the

Even upon default, courts are required to conduct an independent evidentiary determination to ascertain the amount of damages. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). An award of damages must be based on evidence that "provide[s] a sufficient basis from which to evaluate the fairness of the proposed sum." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). The court must ascertain the amount of damages "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (providing that a court may rely on affidavits and documentary evidence when evaluating a proposed damages award).

### 1. Statutory damages

Plaintiff requests statutory damages in the amount of $6,000 under a different methodology than the one applied by Judge Levy, or in the alternative, $5,700 under the "per-person" method. (Pl. Obj. 2.) Under the per-person method, Plaintiff requests that the Court apply a $100 per-person fee rather than the $54.95 per-person fee used by Judge Levy. (*Id.*)

Under section 605, an aggrieved party may elect to recover either statutory or actual damages. 47 U.S.C. § 605(e)(3)(C)(i). If a plaintiff elects to recover statutory damages, the plaintiff may recover, per violation, "a sum of not less than $1,000 or more than $10,000, as the court considers just." *Id.* § 605(e)(3)(C)(i)(II); *Time Warner Cable of N.Y.C. v. Sanchez*, No. 02-CV-5855, 2003 WL 21744089, at *3 (S.D.N.Y. July 8, 2003) (noting that the amount of statutory damages under section 605 are within the sound discretion of the court).

---

same conduct. *J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, 13-CV-6173, 2014 WL 4700014, at *2 (E.D.N.Y. Aug. 29, 2014), *report and recommendation adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014) (citing cases). Because Plaintiff is entitled to damages under section 605, the Court declines to address Plaintiff's claims under section 553.

Courts in this Circuit typically award statutory damages based on one of two methodologies: the "flat fee" method or the "per-person" method. *LX Food Grocery Inc.*, 2016 WL 6905946, at *4 (citing *McAdam*, 2015 WL 8483362, at *4). Under the "flat-fee" method, the court calculates the amount of damages based on the amount of the licensing fee defendants would have had to pay to legally show the specific event at issue. *Id.* Under the "per-person" method, the court calculates damages based on the number of consumers who watched the unauthorized transmittal of the event, multiplied by the amount a residential consumer would have paid to watch the event. *Id.* Upon calculating damages under both methods, courts grant the higher of the two amounts. *Id.*

As an initial matter, although there may be a good-faith dispute as to the optimal methodology in calculating statutory damages under the FCA, the Court declines to depart from the dominant view in the absence of unique circumstances in comparison to typical cases of this type. *See also* 47 U.S.C. § 605(e)(3)(C)(i)(II) (granting broad discretion to courts in the award of statutory damages).

Plaintiff is entitled to $2,000 in statutory damages under the flat-fee method, the amount that Defendants would have had to pay to broadcast the Event lawfully. Although Judge Levy recommended that statutory damages be awarded under the "per-person" method, Plaintiff failed to provide any *evidence* of an appropriate per-person residential fee. There is insufficient evidence to support a residential fee of $54.95 per-person, as relied on by Judge Levy, or $100 per-person, as requested by Plaintiff in the record. Awarding damages under the per-person method under these circumstances is inappropriate.[5] *See Credit Lyonnais Sec.*, 183 F.3d at 155

---

[5] Plaintiff did not request that the Court take judicial notice of any per-person residential fee. Judicial notice also appears inappropriate for either figure. For example, Plaintiff itself disputes the $54.95 figure. *See* Fed. R. Evid. 201(b) ("The court may judicially notice of a fact

7

(holding district court erred in awarding damages based on "insufficient evidence"); *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, No. 17-cv-01870, 2017 WL 6611705, at *5 (E.D.N.Y. Nov. 3, 2017) ("[A]pplying the second method would be impracticable given the information filed with the Court. The Court received no information regarding the amount charged to individuals wishing to watch the event in residences."), *report and recommendation adopted*, 2017 WL 6611571 (E.D.N.Y. Dec. 27, 2017).

### 2. Enhanced damages

Plaintiff requests enhanced damages in the amount of $18,000 based on Eludz's alleged willful conduct, applying a multiplier of three to the statutory damages award. (Pl. Obj. at 4–5.)

In addition to statutory damages, section 605 provides courts with the discretion to increase the award of damages upon a finding that a violation of the FCA was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Upon a finding of willfulness, courts consider several factors in determining whether willful conduct justifies an award of enhanced damages: "whether there is evidence of (i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." *Monte Limar Sports Bar Inc.*, 2017 WL 933079, at *5 (citing *J&J Sports Prods., Inc. v. Big Daddy's Theme Palace, Inc.*, No. 14-CV-2765, 2015 WL 58606, at *5 (E.D.N.Y. Jan. 5, 2015)).

The Court awards $4,000 in enhanced damages. Plaintiff provides evidence that its

---

that is *not subject to reasonable dispute* . . . ." (emphasis added)); *see also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.").

8

signals could not have been intercepted innocently or accidentally without willful conduct, given the special encryption used to protect them from interception. *See J & J Sports Prod., Inc. v. McAdam*, No. 14-CV-5461, 2015 WL 8483362, at *5 (E.D.N.Y. Dec. 9, 2015) (finding willful violation where the event signal required affirmative unlawful conduct to decode). Plaintiff also provides sufficient evidence that the interception and broadcast was for a financial advantage. (Aff. of Joseph M. Gagliardi ("Gagliardi Aff.") ¶¶ 9–10, Docket Entry No. 9-2; Aff. of Gary Joseph ("Joseph Aff.), Docket Entry No. 9-4; *see also* Compl. ¶¶ 13, 20.) Given the evidence of willful conduct, the Court finds double the statutory damages award in enhanced damages appropriate and adequate under the circumstances, i.e., a $10 cover charge but the absence of evidence of repeat violations and advertising. *See McAdam*, 2015 WL 8483362, at *5 (collecting cases awarding two times the statutory damages award under similar circumstances).

### III. Conclusion

For the foregoing reasons, the Court adopts Judge Levy's R&R in part, and grants in part and denies in part Plaintiff's motion for default judgment without prejudice. The Court grants the motion for default judgment with respect to Eludz's liability, and finds that Plaintiff is entitled to $2,000 in statutory damages and $4,000 in enhanced damages plus post-judgment interest, but not pre-judgment interest. As to Defendant Dowling, the Court denies the motion

for default judgment and grants Defendant leave to amend. Plaintiff may also make requests to recover full costs and reasonable fees by separate motion.

Dated: September 27, 2019
       Brooklyn, New York

                                 SO ORDERED:

                                 _____s/  MKB_____
                                 MARGO K. BRODIE
                                 United States District Judge