UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

                Plaintiff,                                          REPORT AND
                                                                                   RECOMMENDATION
    -against-                                                           18 CV 5086 (EK)(RML)

JORDANE DOWLING, individually and d/b/a
ELUDZ RESTAURANT & LOUNGE; and
ELUDZ LOUNGE, LLC, an unknown business
entity d/b/a Eludz Restaurant & Lounge,

                Defendants.
-------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated April 2, 2019, the Honorable Margo K. Brodie, United States District Judge, referred plaintiff's motion for a default judgment to me for Report and Recommendation. On August 7, 2019, I issued a Report and Recommendation recommending that plaintiff's motion be granted with respect to defendant Eludz Restaurant & Lounge ("Eludz") but denied as to defendant Jordane Dowling ("Dowling"), on the ground that plaintiff had not established that its process server had effected proper service of the summons and complaint at Dowling's actual dwelling. (See Report and Recommendation, dated Aug. 7, 2019 ("R&R"), Dkt. No. 12.) On September 27, 2019, Judge Brodie adopted the R&R in part[1] without prejudice and granted plaintiff leave to amend with respect to Dowling. (See Memorandum & Order, dated Sept. 27, 2019, Dkt. No. 15.)

---

[1] Judge Brodie lowered the amount of damages awarded to plaintiff, applying the flat-fee method of calculating damages as opposed to the per-patron method, which she found unsupported by plaintiff's submission. (See Memorandum & Order, dated Sept. 27, 2019, Dkt. No. 15.) However, Judge Brodie noted that plaintiff had not properly objected to my recommendation that the default motion be denied with respect to Dowling. (See id. at 5.)

On February 6, 2020, this case was reassigned to the Honorable Eric R. Komitee, United States District Judge, who issued an Order to Show Cause directing plaintiff to show cause in writing on or before April 27, 2020 "why judgment should not be entered as follows in accordance with Judge Brodie's Order dated September 27, 2019: (1) granting default judgment against Defendant Eludz; (2) awarding Plaintiff $2,000 in statutory damages and $4,000 in enhanced damages plus post-judgment interest, without a further opportunity to make requests to recover full costs and reasonable fees; and (3) dismissing the claims against Defendant Dowling for failure to prosecute." (Order to Show Cause, dated Apr. 16, 2020.) Plaintiff filed a response on April 24, 2020 (see Affirmation of Robert B. Hunter, Esq., dated Apr. 24, 2020 ("Hunter Aff."), Dkt. No. 17), which Judge Komitee referred to me (see Order, dated Apr. 30, 2020).

As explained in the R&R, plaintiff's process server delivered the summons and complaint to a person of suitable age and discretion named Mr. Phillips at Dowling's purported dwelling, 1628 Miriam Court, Elmont, N.Y. 11003 (the "Miriam Court Address"). (See R&R at 5.) Plaintiff did not offer independent proof that the Miriam Court Address was Dowling's dwelling at the time of service, October 1, 2018; nor did the affidavit of service indicate whether the process server had personal knowledge of that fact. (Id. at 5-6.) I therefore recommended that plaintiff's motion be denied as to Dowling, with leave to amend. (Id. at 7.)

Plaintiff has not submitted an affidavit from the process server explaining the basis of his belief that the Miriam Court Address was Dowling's dwelling or usual place of residence. Rather, plaintiff has now submitted a print-out of a one-page document from TLO, which plaintiff describes as "an information providing service provided by Trans Union." (Hunter Aff. at 1.) Plaintiff's counsel avers that "[t]he content of the report is based largely on publicly available information." (Id.) The report states that from February 2001 to April 2020,

2

an individual named Jordane Dowling was associated with the Miriam Court Address. (Id., Ex. A.) Under "Address History," the report also lists four additional addresses for Jordane Dowling, including 1580 Kiefer Avenue, Elmont, N.Y. 11003, with the dates May 6, 2011 to April 23, 2020; and 1904 Utica Avenue, Brooklyn, N.Y. 11234 (the "Utica Avenue Address"), with the dates November 2015 to September 2, 2018. Under the Utica Avenue Address, the document lists five commercial telephone numbers associated with that address, including one for "Lounge Eludz." (Id.) Two other addresses—1596 Johnson Avenue, Elmont, N.Y. 11003 and 1682 Miriam Court, Elmont, N.Y. 11003—overlap with the Miriam Court Address in terms of dates (although neither is associated with Dowling on the date of service). The Utica Avenue Address is the address listed for Eludz in the Complaint. (See Complaint, dated Sept. 5, 2018, Dkt. No. 1, ¶ 7.) This links the Jordane Dowling in the report to Eludz.

        As the Supreme Court has explained, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 672 (1996). In following the Supreme Court's definition of acceptable service, the Second Circuit has held that there must be notice "reasonably calculated to provide actual notice of the action." Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 258 (2d Cir. 1991) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Rule 4(e) of the Federal Rules of Civil Procedure authorizes service of process on individuals in one of two ways: by complying with applicable state rules for service of process, or by delivering the summons and complaint to the defendant personally or to a person of suitable age and discretion at the person's usual place of abode. FED. R. CIV. P. 4(e)(1)-(2). New York law states that an individual who cannot be served personally can be served by leaving the summons

and complaint with a person of suitable age and discretion at the defendant's actual place of business, dwelling, or usual place of abode and then mailing the summons and complaint to the defendant at his or her last known residence or actual place of business, in an envelope marked "personal and confidential." N.Y. C.P.L.R. § 308.

TLO is an online public database that pulls information about a person's address from other sources. United States v. Curry, No. 19 CR 742, 2020 WL 1067549, at *1 (S.D.N.Y. Mar. 5, 2020). To the extent that the TLO report provides second-hand information that has not been verified or authenticated, it is not admissible to prove that the Miriam Court Address was Dowling's place of dwelling or abode on October 1, 2018 or at any time. See Dzhabrailov v. Decker, No. 20 CV 3118, 2020 WL 2731966, at *8 n.4 (S.D.N.Y. May 26, 2020) ("The documents submitted by Petitioner are inadmissible as they are not authenticated and are hearsay concerning other documents which are not before the Court."); Bermudez v. City of New York, No. 15 CV 3240, 2019 WL 136633, at *11 (E.D.N.Y. Jan. 8, 2019) (explaining that a business document "is inadmissible hearsay unless it is authenticated through a proper custodian and a proper evidentiary basis for admission is established.")

Regardless, this one page of data lists two addresses for Dowling for the period including October 1, 2018. Without more information, the court cannot confirm that the Miriam Court Address was Dowling's dwelling on that date. In fact, the report also includes the Utica Avenue Address, which is a commercial building that was probably not Dowling's residence. Therefore, plaintiff's submission is insufficient to establish that the service was reasonably calculated to notify Dowling of this action. See United States v. Samedy, No. 11 CV 4633, 2013 WL 878636, at *4 (E.D.N.Y. Mar. 8, 2013) (where evidence showed that defendant had contacts to two different addresses, and plaintiff presented no other proof that the complaint was served

on defendant at her "dwelling place or usual place of abode," and mailed to her "last known residence," plaintiff failed to meet its burden of establishing proper service through specific factual allegations and supporting materials).

        In sum, I respectfully recommend that judgment be entered in accordance with Judge Brodie's order of September 27, 2019: (1) granting default judgment against Eludz; (2) awarding plaintiff $2,000 in statutory damages and $4,000 in enhanced damages plus post-judgment interest; and (3) dismissing the claims against Dowling. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

        Respectfully submitted,

        /s/
        ROBERT M. LEVY
        Unites States Magistrate Judge

Dated: Brooklyn, New York
       August 6, 2020