```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

J&J SPORTS PRODUCTIONS, INC.,

                    Plaintiff,           MEMORANDUM & ORDER
                                         18-CV-5086(EK)(RML)
        -against-

JORDANE DOWLING, individually and
d/b/a Eludz Restaurant & Lounge;
and ELUDZ LOUNGE LLC, an unknown
business entity d/b/a Eludz
Restaurant & Lounge,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Before the Court is Judge Levy's Report and Recommendation (R&R) dated August 6, 2020 on Plaintiffs' motion for default judgment against defendant Jordane Dowling. For the reasons set forth below, the R&R is adopted in full. Accordingly, the motion for default judgment against Eludz Lounge LLC is granted; Plaintiff is awarded $2,000 in statutory damages and $4,000 in enhanced damages plus post-judgment interest; and the claims against Dowling are dismissed.

### I. Background

        Plaintiff J&J Sports Productions, Inc. commenced the above-captioned action on September 10, 2018 against Defendants Jordane Dowling (individually and "doing business as Eludz Restaurant & Lounge"), and Eludz Lounge, LLC, pursuant to the

1

Federal Communications Act of 1934, 47 U.S.C. §§ 554 and 605. Complaint ¶¶ 6-29, ECF No. 1 (Compl.).  After the Defendants failed to respond, Plaintiff moved for a default judgment.  *See* Motion for Default Judgment, ECF No. 9.

By Order dated September 27, 2019, Judge Brodie granted Plaintiff's motion for default judgment as to defendant Eludz, and found that Plaintiff was entitled to $2,000 in statutory damages and $4,000 in enhanced damages plus post-judgment interest.  *See* Order Adopting Report and Recommendation, ECF No. 15.  Plaintiff's motion for default judgment as to defendant Dowling was denied without prejudice because Plaintiff had provided "insufficient proof of service." *Id.* at 5.

Plaintiff took no further action following the September 27, 2019 Order.[1]  On April 16, 2020, this Court entered an Order to Show Cause why judgment should not be entered in accordance with Judge Brodie's Order, including by dismissing the claims against Dowling for failure to prosecute.  *See* Order to Show Cause dated April 16, 2020.  Plaintiff responded to this Order, opposing the dismissal of the claims against Dowling and providing a supplemental affidavit in further support of its motion for default judgment against Dowling.  *See* ECF Nos. 17-

---

[1] This case was transferred to the undersigned on February 6, 2020.

18. This response was referred to Magistrate Judge Levy for a Report and Recommendation. *See* Order dated April 30, 2020.

By Report and Recommendation dated August 6, 2020, Judge Levy recommended that judgment be entered in accordance with Judge Brodie's Order of September 27, 2019: (1) granting default judgment against Eludz; (2) awarding plaintiff $2,000 in statutory damages and $4,000 in enhanced damages plus post-judgment interest; and (3) dismissing the claims against Dowling. *See* R&R, ECF No. 19. Plaintiff timely objected. *See* Objection, ECF No. 20.

For the reasons set forth below, the Court adopts the R&R in full.

## II. Legal Standards

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error those findings and recommendations to which a party has not specifically objected. *See Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 101 (E.D.N.Y. 2015) (citing, *inter alia*, 28 U.S.C. § 636(b)(1)(C)). The Court reviews *de novo* those findings or recommendations as to which a party has specifically objected. *See id.* ("A judge of the court shall make a de novo determination of those portions of the report or specified

3

proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3). Even in a *de novo* review of a party's specific objections, the court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *US Flour Corp. v. Certified Bakery, Inc.*, No. 10-CV-2522, 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012) (citing *Kennedy v. Adamo,* No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

### III. Discussion

A plaintiff seeking a default judgment must offer proof of proper service, *see* Fed. R. Civ. P. 4(l)(1); N.Y. C.P.L.R. § 3215(f), which requires the server to "disclose enough facts to demonstrate validity of service." Wright & Miller § 1130. Federal Rule of Civil Procedure 4(e) provides that a plaintiff may rely on the laws governing service of process "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New York state law, in turn, allows a plaintiff to effect service of process by (1) delivering the summons and complaint to a person of suitable age and discretion at the defendant's dwelling or

4

usual abode, and (2) mailing those documents to the defendant's last known address. N.Y. C.P.L.R. § 308(2).[2]

Plaintiff's process server avers that he delivered the summons and complaint to a person of suitable age and discretion — namely, one Mr. Phillips — at Dowling's purported dwelling, 1628 Miriam Court, Elmont, N.Y. 11003 (the "Miriam Court Address") on October 1, 2018. In the original motion for default judgment, Plaintiff did not offer "independent proof" that this was Dowling's "actual dwelling" at the time of service. *See* Report and Recommendation dated August 7, 2019 at 6, ECF No. 12 (adopted in relevant part by Judge Brodie's Order dated September 27, 2019). In the amended motion, Plaintiff submitted additional documentation regarding Dowling's address at the time of service — namely, a one-page document printed from a website run by an entity called TLO.

Judge Levy's R&R persuasively demonstrates that the additional documentation does not provide sufficient proof of Dowling's address at the time of service to support the entry of default judgment. TLO is an online public database that pulls information about a person's address from other sources. *See*

---

[2] Alternatively, under Rule 4(e)(2), a process server may also properly serve an individual defendant by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Here, however, the process server's affidavit did not state whether the person to whom he delivered the summons and complaint said he resided at the address where service was made.

5

R&R at 4 (citing *United States v. Curry*, No. 19-CR-742, 2020 WL 1067549, at *1 (S.D.N.Y. Mar. 5, 2020), for a description of TLO).  Judge Levy found that the TLO report is not admissible to prove that the Miriam Court Address was Dowling's place of dwelling on October 1, 2018 — or at any time — because it contains second-hand information that has not been verified or authenticated.  *See id.* at 4 (citing *Dzhabrailov v. Decker*, No. 20-CV-3118, 2020 WL 2731966, at *8 n.4 (S.D.N.Y. May 26, 2020) and *Bermudez v. City of New York*, No. 15-CV-3240, 2019 WL 136633, at *11 (E.D.N.Y. Jan. 8, 2019)).  Moreover, even if the evidence were admissible, the TLO report lists two addresses for Dowling for the period including October 1, 2018, making it impossible to confirm her dwelling on the date of service.  *Id.*

Plaintiff raised no objection to Judge Levy's legal analysis.  Instead, Plaintiff responded by submitting new evidence purporting to show that the Miriam Court Address was Dowling's dwelling on the date of service.  This new evidence includes an affirmation by counsel, a report from the New York State Department of Motor Vehicles obtained by counsel's office on May 14, 2019, and counsel's contemporaneous notes from a telephone conversation with Dowling on October 27, 2019.  *See* Objections ¶¶ 4-9.

Courts in this circuit have observed that the submission of new evidence in conjunction with objections to an

6

R&R should not be permitted "absent a most compelling reason." *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005); *see also Morris v. Amalgamated Lithographers of Am., Local One*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998) (although 28 U.S.C. § 636(b)(1)(C) permits the review of new evidence, "there are substantial reasons for declining to do so as a general matter"). And Plaintiff offers no reason at all, let alone a "compelling" one, for the untimely submission.

Plaintiff had ample opportunity to submit any evidence of proof of service that it (or counsel) saw fit to include with its original or amended motion. Plaintiff's motion for default judgment against Dowling was denied without prejudice in September 2019, and Plaintiff failed to take any further action until prompted by the Court nearly seven months later. And it was only after Judge Levy's R&R was entered, recommending that default judgment be denied, that Plaintiff again sought to provide new evidence, while providing no reason for failing to submit this evidence sooner. There is no reason for the Court to permit "such piecemeal presentation of evidence" under these circumstances. *Morris*, 994 F. Supp. at 163.

Having conducted a review of the record and the applicable law, the Court finds that Plaintiff did not provide adequate proof of service to support a default judgment, for the reasons set forth in the R&R. Accordingly, the Court adopts

7

Judge Levy's recommendation that the claims against Dowling be dismissed.

Finally, Plaintiff has not objected to Judge Levy's recommendations that default judgment be entered against Eludz and plaintiff awarded $2,000 in statutory damages and $4,000 in enhanced damages, plus post-judgment interest. Having reviewed these recommendations for clear error and finding none, the Court adopts these recommendations in their entirety pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Therefore, the claims against Dowling are dismissed. Plaintiff is awarded $5,400.00 in statutory and enhanced damages from Defendant Eludz Lounge LLC. Plaintiff is directed to submit a motion for attorneys' fees within thirty days of the date of this Order.

SO ORDERED.

                                          /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    December 3, 2020
            Brooklyn, New York