UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
J&J SPORTS PRODUCTIONS, INC.,

                    Plaintiff,

   -against-

JORDANE DOWLING, *et al.*,

                   Defendants.
-----------------------------------------------------X

REPORT AND
RECOMMENDATION
18 CV 5086 (EK)(RML)

LEVY, United States Magistrate Judge:

       By order dated January 4, 2021, the Honorable Eric R. Komitee, United States District Judge, referred plaintiff's motion for attorney's fees and costs to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted in part and denied in part, and that plaintiff be awarded $475 in costs.

## PROCEDURAL HISTORY

       On December 3, 2020, Judge Komitee adopted my Report and Recommendation dated August 6, 2020, familiarity with which is assumed, and awarded plaintiff J & J Sports Productions, Inc. ("plaintiff") $5,400 in statutory and enhanced damages from defendant Eludz Lounge LLC, giving plaintiff leave to file a separate motion for attorney's fees and costs within thirty days. Plaintiff filed such a motion on December 30, 2020, requesting $2,922.50 in attorney's fees and $1,198 in costs, and Judge Komitee referred the motion to me for report and recommendation. (See Motion for Attorney Fees, dated Dec. 30, 2020, Dkt. No. 23; Order, dated Jan. 4, 2021.)

#### DISCUSSION

1. Attorney's Fees

Section 605(e)(3)(B)(iii) of the Federal Communications Act ("FCA") requires the court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). When exercising their discretion to determine the reasonableness of attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In addition, an application for attorney's fees must be supported by "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010).

Plaintiff has not submitted contemporaneous time records to support its application. Instead, plaintiff has submitted an attorney-generated summary chart. (See Plaintiff's Memorandum of Law, dated Dec. 3, 2020 ("Pl.'s Mem."), Dkt. No. 21; Declaration of Robert B. Hunter, Esq., dated Dec. 30, 2020 ("Hunter Decl."), Dkt. No. 23-2.) While the Second Circuit has deemed the contemporaneous records requirement to be a "strict rule," Scott, 626 F.3d at 133, some courts have accepted alternative documentation in the form of affidavits, listings of hours, and/or summary charts where those documents were prepared from

2

contemporaneous time records and contained the information required by Carey. See Joe Hand Promotions, Inc. v. Dilone, No. 19 CV 871, 2020 WL 2572271 (E.D.N.Y. Jan. 23, 2020) (accepting plaintiff's counsel's summary chart as sufficient documentation to support plaintiff's attorney's fee application), report and recommendation adopted in part, No. 19 CV 871, 2020 WL 1242757 (E.D.N.Y. Mar. 16, 2020). Even so, with few, rare exceptions, the failure to provide contemporaneous time records will result in a denial of fees. See Scott, 626 F.3d at 134 ("[W]e can imagine rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application").

Here, plaintiff concedes that the records submitted in support of the motion were not constructed contemporaneously but were instead a reconstruction of plaintiff's billing records via a review of the files themselves. (See Hunter Decl. ¶ 6.) Rather than argue that the reconstructed records were "produced based upon a compilation of contemporaneous records kept in the regular course of business," as was the case in Dilone, plaintiff's counsel asserts that, "[h]aving handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered." (See Hunter Decl. ¶ 6.) Such generic estimates of billable time are insufficient to support an award of attorney's fees in light of the standard set out in Carey and re-affirmed in Scott. Indeed, numerous courts in this Circuit have rejected the same counsel's request for attorney's fees in similar cases when counsel failed to provide contemporaneous time records. See, e.g., J & J Sports Prods., Inc. v. Spencer Cineus & d/b/a Citadelle Bar & Rest., No. 18 CV 5109, 2021 WL 2554045 (E.D.N.Y. May 30, 2021), report and recommendation adopted sub nom. J & J Sports Prods., Inc. v. Cineus, 2021

3

WL 2550586 (E.D.N.Y. June 21, 2021); G&G Closed Cir. Events, LLC v. Vasquez, No. 20 CV 2030, 2020 WL 8167387, at *4 (E.D.N.Y. Dec. 27, 2020), report and recommendation adopted, 2021 WL 135721 (E.D.N.Y. Jan. 14, 2021); J & J Sports Prods., Inc. v. Guncay, No. 18 CV 2097, 2019 WL 1876830, at *1 (E.D.N.Y. Apr. 26, 2019); J & J Sports Prods., Inc. v. Silvestre, No. 18 CV 3731, 2019 WL 179810, at *5 (S.D.N.Y. Jan. 14, 2019), report and recommendation adopted, 2019 WL 3297080 (S.D.N.Y. July 22, 2019).  Accordingly, I respectfully recommend that plaintiff's request for attorney's fees be denied.

   2. Costs

   In addition, plaintiff requests $1,198 in costs, representing $400 for this court's filing fee, $635 for investigative expenses, and $78 for service of process fees.  (See Hunter Decl., Exs. 1-3.)  Service and filing fees are recoverable by a prevailing party "as a matter of course."  Joe Hand Promotions, Inc. v. Levin, No. 18 CV 9389, 2019 WL 3050852, at *6 (S.D.N.Y. July 12, 2019).  Since plaintiff has only prevailed against defendant Eludz Lounge LLC, plaintiff is not entitled to recover the cost of serving defendant Jordane Dowling.  See Lu Nan Fan v. Jenny & Richard's Inc., 17 CV 6963, 2019 WL 1549033, at *16 (E.D.N.Y. Feb. 22, 2019) (where claims as to one defendant were dismissed for ineffective service, declining to hold remaining defendants liable for the cost of that service), report and recommendation adopted, 2019 WL 1547256 (E.D.N.Y. Apr. 19, 2019); Hernandez v. Delta Deli Mkt. Inc., No. 18 CV 375, 2019 WL 643735, at *10 (E.D.N.Y. Feb. 12, 2019) (where claims as to all but one defendant were dismissed, remaining defendant was "only responsible for the cost of its own service").  Accordingly, I respectfully recommend that plaintiff be awarded $400 for the cost of the filing fee and $75 for the cost of service of process on defendant Eludz Lounge LLC.

To recover investigative costs under the FCA, "a plaintiff must make a showing similar to that required to recover attorney's fees." Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006) (citing Int'l Cablevision, Inc. v. Noel, 982 F. Supp. 904, 918 (W.D.N.Y. 1997)). Specifically, a plaintiff must document "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." Id. An invoice alone is typically considered insufficient documentation. See, e.g., Guncay, 2019 WL 1876830, at *2 (denying request for investigative fees where plaintiff submitted only an invoice); J & J Sports Prods. Inc. v. Silvestre, 18 CV 3731, 2019 WL 179810, at *7 (S.D.N.Y. Jan. 14, 2019) (same); Autar, 426 F. Supp. 2d at 67 (same). Here, plaintiff has only submitted an invoice from the investigator stating that the total came to $635. (See Hunter Decl., Ex. 1.) The invoice does "not state how much time was spent, what the investigator's qualifications were, or why the investigator was entitled to that sum." Guncay, 2019 WL 1876830, at *2. Without such supporting documentation, the court cannot determine the reasonableness of the charged rate. Therefore, I respectfully recommend that plaintiff's request for investigative costs be denied.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion be denied as to attorney's fees and granted in part as to costs, and that plaintiff be awarded $475 in costs.

Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d). Plaintiff is directed to serve copies of this Report and Recommendation on the defaulting

5

defendant by regular mail, and to file proof of service within ten days of the date of this Report and Recommendation.

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
      July 19, 2021

6